Kimberly Gross
2756 Highland Drive
Carlsbad, CA 92008
760-522-6728

Plaintiff pro se



# UNITED STATES FEDERAL DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kimberly Gross,<br>    Plaintiff,<br>    *vs.*<br><br>GG Homes, Inc.<br>    Defendant | Civil Case: 21CV000271 DMS BGS<br>**FIRST AMENDED COMPLAINT** |

Plaintiff Kimberly Gross ("Plaintiff"), files this First Amended Complaint[1] as provided in Federal Civil Rule 15 and alleges the following violations of the Telephone Consumer Protection Act, 47 U.S.C. §227:

---

[1] Plaintiff is not a member of ECF and does not have efiling privileges. Plaintiff is not an attorney. Plaintiff is served only by US Mail and per the FRCP, three days must be added to all filing timeframes.

# I.  INTRODUCTION

1.      This case should be transferred to Judge Houston under the Low Number Rule because it is the same defendant, same law firm defending, same causes of action and Judge Houston took jurisdiction first in *Stark vs. GG Homes, Inc.*

2.      A motion to dismiss only, strictly and solely tests the sufficiency of the complaint.  A motion to dismiss is not the time or the place to allow a defendant's attorney to submit declarations that contradict the allegations made in the complaint.  In not one of GG Home's other motions to dismiss in any of the other four pending lawsuits does GG Homes submit any declarations from any owners, officers, directors, employees or agents of GG Homes.  That is suspect and very telling.

3.      The ATDS (auto texting) system that GG Homes used in this matter has the capability to insert a new name for each person that it sends spam text messages too.  The fact that the spam text messages sent to Plaintiff by Defendant containing Plaintiff's name "Kimberly" does not render it a non-ATDS case.  Rather, it shows that this Defendant is very sophisticated and smart.  The fact that Defendant's attorneys know this to be true warrants harsh sanctions against these attorneys for perpetrating a fraud upon the Court.  The Court should make a note of this fact and when discovery proves that Defendant's ATDS has these capabilities and that

Defendant's TCPA expert attorneys knew this fact, then they should be disbarred

for their fraudulent and deceitful conduct to this Court.

4.      Plaintiff alleges that Defendant GG Homes, Inc ("GG Homes") has been

sued six times in federal and state court in San Diego within the past year for

TCPA violations.  Treble damages of willful or knowing violations of the TCPA

under §227(c) and §227(b) are warranted.

5.      In 1991, Congress passed the Telephone Consumer Protection Act, 47

U.S.C. § 227, et seq., ("TCPA"), in response to complaints about certain

telemarketing practices.  This civil lawsuit is for both negligent and willful

violations of both 47 USC §227(b)(1)(A) and 47 USC §227(c)(5).

6.      Defendant repeatedly sent the following text message from 858-707-7601

(Eric Lucas) to Plaintiff's cellular phone (760-522-6728):

> a.  "Hi Kimberly, it's Eric with GG Homes.  Do you know of any off-
>     market deals or pocket listing not yet on MLS?  We're looking for
>     fixers in San Diego.  Budget is up to $600K.  You can TRIPLE END
>     any off market deal you bring us!"

7.      Plaintiff registered and placed on www.donotcall.gov her personal cell

phone at 760-522-6728 on the DNC registry on February 3, 2006.  Plaintiff owns,

controls and uses this phone that is a wireless cellular phone used for personal

residential purposes.  Defendant has been made aware of this DNC registration through the duty to check all numbers against this government list each and every month.

8.     Defendant's attorneys know that Plaintiff's cell phone is and was registered on the DNC registry promulgated by the FTC at all times relevant to this litigation.

9.     Mixed use or dual use cellular phones are protected and covered by the TCPA.  Mixed use cell phones are not excluded from TCPA protections.

10.     In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

11.     Plaintiff hereby alleges that GG Homes directly and through their controlled employees or agents, "called a cellular telephone number [belonging to Plaintiff Kimberly Gross]; (2) using an automatic telephone dialing system [i.e., an

"ATDS," or an artificial or prerecorded voice]; (3) without the recipient's prior express consent." *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012) (citing 47 U.S.C. § 227(b)(1)).   A text message is considered a call under the TCPA.   Defendant did not have signed, written permission or consent to text Plaintiff with spam solicitations.

12.     Defendant sent Plaintiff a text solicitation message to Plaintiff's cellular phone with an ATDS on the following dates:

     a.  7/26/2019

     b.  9/13/2019

     c.  11/1/2019

     d.  12/19/2019

     e.  3/3/2020

     f.  9/14/2020

     g.  10/28/2020

     h.  12/18/2020

13.     Further, GG Homes had, and continues to have, a direct agency relationship with and control over the person that sent the text messages and placed the illegal calls because they were employees of GG Homes. *See also* AB5.

14.     The Federal Communications Commission ("FCC") has been granted the authority to draft and issue regulations implementing the TCPA.   According to

findings by the FCC, automated calls and text messages are prohibited under the TCPA because receiving them is a greater invasion of privacy and nuisance compared to live solicitation calls. The FCC has also acknowledged that wireless customers are charged for any incoming calls and text messages. A text message, like the ones sent by Defendant, were sent by an Automatic Telephone Dialing System that has the capacity to store numbers and dial them automatically.

15.     GG Homes "physically" sent the text messages and placed the unauthorized calls at issue in this lawsuit. President and CEO Paul Eric Green both told his GG Homes employee orally and Mr. Green sent an email to his GG Homes employee in writing, thus directing, commanding and ordering them to call and text Plaintiff to see if he would buy Defendant's services to enable them in order to "flip" homes for resale. Defendant even offered, as part of their solicitation, to "TRIPLE END" the commissions.

16.     Defendant and their attorneys wrong believe that making arguments and allegations in the "alternative" is somehow fraudulent and illegal. It is not. Do so properly puts Defendant on notice of what they are being sued for.

17.     The employees of GG Homes are operating in a consensual relationship with permission, request, and instruction as between each of them. That is, the employees of GG Homes are willingly and knowingly making illegal calls and sending illegal spam text massages for a payment of wages. They are voluntarily

working together towards a goal.  This is not a boiler-plate allegation.

18.     Plaintiff personally and physically typed her wireless phone number ending in -6728 into www.donotcall.gov more than 31 days prior to the first illegal text sent by Defendant GG Homes, thereby personally placing her own phone on the National Do Not Call registry that has been established by the Federal Trade Commission to prevent and prohibit harassing telemarketing calls and text messages.

19.     GG Homes did not have advance written consent from Plaintiff to make any calls or send any text messages to Plaintiff's phone.  Plaintiff did not invite GG Homes to contact her on her cell phone.

20.     GG Homes illegally accessed web pages and violated Terms of Use for any web page that contains Plaintiff's telephone number.

21.     Plaintiff brings this action seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Defendant GG Homes, Inc, for negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, 47. U.S.C. § 227 et seq. ("TCPA") and related regulations, specifically the National Do-Not-Call provisions, thereby invading Plaintiff's privacy.

22.     Defendant GG Homes has violated California Business & Professions Code §17593 and §17591 by sending text messages to Plaintiff without prior written

consent and without a pre-existing business relationship. Plaintiff seeks an injunction pursuant to said code sections to prohibit Defendant GG Homes, and its agents, from violating the do not call provision of the FTC. See Section 310.4(b)(1)(iii)(B) of Title 16 of the Code of Federal Regulations. Defendant is harassing Plaintiff.

23.     Plaintiff has never done business with GG Homes and never would and never will.

24.     Defendant GG Homes starts their scam with spam text messages without advance written consent of the recipient of the text. Defendant GG Homes uses a robo-dialer to blast out their text messages and then follows up with illegal telemarketing calls.

25.     A TCPA defendant is subject to triple damages when their violations are willful or knowing. Courts have held that prior lawsuits for TCPA violations can create an inference of willful or knowing conduct thus warranting the triple damages afforded by Congress. To that end, Defendant GG Homes, Inc was sued for violation of the TCPA in 20-CV-1298 JLS WVG, *Charman vs. GG Homes, Inc.* and in 37-2020-00000606, *Aragon vs. GG Homes, Inc, Stark vs. GG Homes, Inc,* 20-CV-1913-JAH-MSB,  *Morrison vs. GG Homes, Inc,* 21-CV-00186-JLS and Arji Rashidi vs. GG Homes, Inc., 21-CV-00209-BAS-AHG, and *Wilbor vs. GG Homes, Inc,* 21-CV-00226-TWR-BGS. These 2020 and 2021 lawsuits for

illegal spam texting prove that GG Homes, is continuing to spam text in violation of the TCPA in a willful, knowing, intentional, and malicious manner.

## II. JURISDICTION AND VENUE

26.    This Court also has federal-question subject matter jurisdiction over the Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

27.    The Court has ancillary jurisdiction, in its discretion, over any attendant state law claims.  Plaintiff has also now formally put Defendant on notice of Cal. Civ. Code § 1798.150 and will seek leave to amend the causes of action after the 30 day grace period.   This is not a diversity jurisdiction case.

28.    This Court has personal jurisdiction over GG Homes, Inc., because a substantial part of the wrongful acts alleged in this Complaint were committed in San Diego county, California.

29.    Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. §1391(b) and because Defendant does business within the State of California and Plaintiff resides within the County of San Diego.

30.    Defendant GG Homes has purposefully directed its activities into California and has thus enjoyed the benefits and protections of California law.

## III. PARTIES

31.    Plaintiff, Kimberly Gross ("Plaintiff"), is an individual and resident in

California.

32.     Defendant GG Homes, Inc is a "person" as defined by 47 U.S.C. § 153 (39).

## VI.  FACTUAL ALLEGATIONS

33.     On or about July 26, 2019, Defendant GG Homes, Inc., contacted Plaintiff on Plaintiff's cellular telephone numbers ending in -6728, in an attempt to solicit Plaintiff to engage Defendant's real estate services (flipping homes) and looking for "pocket listings."  "Eric" was the name the person on the text message that was sent by Defendant.    Defendant GG Homes used a pre-printed text paragraph at the beginning of the texts.  Plaintiff gives notice of and reserves the right to amend this complaint as soon as discovery proves that Defendant has also violated Civil Code §1770(a)(22)(A).  The Court should note that §1770 is not plead as a cause of action as of the time this First Amended Complaint was filed.

34.     Upon information and belief, GG Homes has stolen or misappropriated the MLS database that contains phone numbers of DRE licensed agents and brokers. Defendant uploaded numbers into their ATDS dialer and blasted out spam text messages to all agents in San Diego.

35.     Defendant GG Homes used an ATDS system to robodial Plaintiff on Plaintiff's cell phone.  Further, an ATDS must be used to send a text message. There is no other way to send thousands of text messages but for and by the use of an automatic telephone dialing system in violation of the TCPA (when done for

solicitation).

36.     Defendant owns and uses www.ibuysd.com which can be accessed in California.

37.     Defendant has failed to obtain a bond as required of all telemarketing and robodialing organizations in California. *See* B&P §17511.1   This is relevant to show willfulness and an evil hand guided by an evil mind.

38.     GG Homes, Inc has been sued for TCPA violations in the past.

39.     GG Homes, Inc has failed to register as a telemarketer in California with the California Department of Justice, and has not paid the fee nor posted the $100,000 bond required to protect consumers.

40.     Defendant GG Homes, Inc has failed to obtain a telemarketers bond in California as required by the California Department of Justice.

41.     Plaintiff brings this action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), in hopes that an injunction and damages will encourage GG Homes to change their ways.   Plaintiff is suing GG Homes for the directly dialed calls, calls made through their employees, and spam solicitation text messages made by said defendant to Plaintiff's DNC registered phone ending in -6728.  Plaintiff pleads **in the alternative**, there were other calls through lead generators and this lawsuit is for the direct autodialed calls to Plaintiff's cell phone as well as calls and text messages made by third party agents of GG Homes.

42.    GG Homes controls its third-party telemarketing agents by instructing them on what to do and how to do it.  GG Homes operates a boiler-room full of telemarketing agents at its office located on Miramar Road in San Diego.

43.    Defendant used an "automatic telephone dialing system" as defined by 47 U.S.C. § 227(a)(1) to place its calls and send the text messages to Plaintiff  seeking to solicit real estate services.

44.    Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

45.    During all relevant times, Defendant did not possess Plaintiff's "prior express consent" to receive calls or texts using an automatic telephone dialing system or an automated telephone dialing system or an artificial or prerecorded voice on a cellular telephone pursuant to 47 U.S.C.§227(b)(1)(A).  At no time did Plaintiff provide, give or grant express written permission to be called nor to be robo-dialed by Defendant or its agents.

46.    Such calls, as described above, constitute solicitation calls pursuant to 47 C.F.R. § 64.1200(c)(2) as they were attempts to promote or sell Defendant's real estate services ("flipping homes").

47.    Plaintiff received numerous solicitation calls from Defendant within a 12-month period.

48.    Defendant continued to call Plaintiff on telephone number -6728 in an

attempt to solicit its services and in violation of the National Do-Not-Call provisions of the TCPA.

49.     Plaintiff pleads **in the alternative**, that Plaintiff was harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff via her telephone for solicitation purposes, thereby invading the privacy of said Plaintiff whose telephone number was on the National Do-Not-Call Registry. Plaintiff was damaged thereby.

50.     Plaintiff is suing as a person that received numerous solicitation calls from Defendant within a 12-month period, who had not granted Defendant prior express consent and did not have an established business relationship with Defendant.

51.     The TCPA provides a private cause of action to persons who receive calls in violation of § 227(b). 47 U.S.C. § 227(b)(3).

52.     The TCPA makes it unlawful to make telemarketing solicitations to telephone numbers on the National Do Not Call Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

53.     The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c). 47 U.S.C. § 227(c)(5).

## V. STANDING

54.     The court must evaluate lack of statutory standing under the Rule 12(b)(6) standard. *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011).  However,

because Plaintiff is proceeding pro se, her complaint "must be held to less stringent standards than formal pleadings drafted by lawyers" and must be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (reaffirming standard for pro se complaints post-*Twombly*). The Ninth Circuit has concluded that the court's treatment of *pro se* filings after *Twombly* and *Iqbal* remain the same and *pro se* pleadings must continue to be liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); see also *McGowan v. Hulick*, 612 F.3d 636, 640-42 (7th Cir. 2010); *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461-62 (5th Cir. 2010); *Harris v. Mills*, 572 F.3d 66, 71-72 (2d Cir. 2009) (noting that even following *Twombly* and *Iqbal*, "we remain obligated to construe a pro se complaint liberally").

55.    Standing is proper under Article III of the Constitution of the United States of America because Plaintiff's claims state:

A valid injury in fact; which is traceable to the conduct of Defendants (Green and GG Homes); and is likely to be redressed by a favorable judicial decision. See, *Spokeo, Inc. v. Robins*, 578 U.S.____(2016) at 6, and *Lujan v. Defenders of Wildlife*, 504 U.S. 555 at 560.  In order to meet the standard laid out in *Spokeo* and *Lujan*, Plaintiff must clearly allege facts demonstrating all three prongs above.

**The "Injury in Fact" Prong**

56.   Plaintiff's injury in fact, must be both "concrete" and "particularized" in order to satisfy the requirements of Article III of the Constitution, as laid out in *Spokeo* (Id.).  For an injury to be "concrete," it must be a de facto injury, meaning that it actually exists.   In fact, Plaintiff expressly informed Defendant to cease and desist from all future telemarketing on the very first text.  Such texts are a nuisance, an invasion of privacy, and an expense to Plaintiff in multiple ways. *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012). Defendant's invasion of Plaintiff's right to privacy is further exacerbated by the fact that Plaintiff's phone number, at all times relevant to this litigation, was on the National Do-Not-Call Registry ( hereinafter, "DNC Registry").  As well, Plaintiff had no prior business relationship with Defendant prior to receiving the seriously harassing and annoying calls by GG Homes.   All of Plaintiff's injuries are concrete and de facto.  For an injury to be "particularized" means that the injury must "affect the plaintiff in a personal and individual way." *Spokeo, Inc. v. Robins,* 135 S.Ct. 1540, *578 U.S. ___ (2016)* at 14.  In the instant case, it was Plaintiff's phone that was called and it was Plaintiff who read the text messages.  It was Plaintiff's personal privacy and peace that was invaded by Defendant's  persistent phone calls and text messages using an ATDS and a pre-recoded message, despite Plaintiff having no prior business relationship with Defendant and Plaintiff's attempt to avoid the damage by personally registering her own number on the DNC

Registry at www.donotcall.gov.

### The "Traceable to the Conduct of Defendant" Prong

57.     The second prong required to establish standing at the pleadings phase is that Plaintiff must allege facts to show that their injury is traceable to the conduct of Defendant.  In the instant case, this prong is met by the fact that the calls and text messages to Plaintiff's cellular phone were placed either by Defendant directly, or by Defendant's agent at the express direction and control of Defendant.

### The "Injury is Likely to be Redressed by a Favorable Judicial Opinion" Prong

58.     The third prong to establish standing at the pleadings phase requires Plaintiff to allege facts to show that the injury is likely to be redressed by a favorable judicial opinion.  In the present case, Plaintiff's Prayers for Relief includes a request for damages for each call made by Defendant, as authorized by statute in 47 U.S.C. §227. The statutory damages were set by Congress and specifically redress the financial damages suffered by Plaintiff.

59.     "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*. at 1548 (quoting *Lujan*, 504 U.S. at 560).  The Supreme Court noted that concreteness is quite distinct from particularization. *Id*.  An injury is "particularized" if it affects "the

plaintiff in a personal and individual way." *Id.* In addition, for an injury to be

"concrete", it must be "de facto," meaning that it is "real" and not "abstract." *Id.*

However, an injury need not be "tangible" in order to be "concrete," and intangible

injuries may constitute injury in fact. *Id.* at 1549. In order to determine whether an

intangible harm constitutes injury in fact, *Spokeo* provided two factors to be

considered: "history and the judgment of Congress." *Id.* at 1549. Specifically, "(1)

whether the statutory violation bears a 'close relationship to a harm that has

traditionally been regarded as providing a basis for a lawsuit in English or

American courts,' and (2) congressional judgment in establishing the statutory

right, including whether the statutory right is substantive or procedural." *Matera v.*

*Google*, No. 15cv 4062-LHK, 2016 WL 5339806, at *9 (N.D. Cal. Sept. 23, 2016).

*Spokeo* also held that "the violation of a procedural right granted by statute can be

sufficient in some circumstances to constitute injury in fact." *Spokeo*, 136 S. Ct. at

1549. In such a case, a plaintiff "need not allege any additional harm beyond the

one [the legislature] has identified." *Id.*

60.     Here, Plaintiff alleges that Defendant GG Homes contacted her using a

"telephone dialing system." The text messages are solicitation advertisements:

they advertise Defendant GG Homes real estate flipping services. Additionally,

Plaintiff declares that hse has never heard of Defendant GG Homes, never visited

any location operated by said Defendant prior to the harassing and annoying calls

or the harassing and annoying text messages, nor provided her cellular telephone number to Defendant or consented to receive calls from Defendant.

61.     In Plaintiff's case, the allegations establish that he did not give prior express consent.  She declared that she was "the regular user and subscriber to the cellular telephone number at issue."  She also declared that she has "never heard of [Defendants GG Homes], visited any location operated by [Defendant].  As in *Greenrkchyan*, these allegations are sufficient to support Plaintiff's claims that she did not give prior express consent authorizing Defendant to send the preprinted spam text messages, nor to use an ATDS to make any calls.

## FIRST CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227(b).

62.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-61.

63.     The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(b), and in particular 47 U.S.C. § 227 (b)(1)(A).

64.     As a result of Defendant's negligent violations of 47 U.S.C. § 227(b), Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every

violation, pursuant to 47 U.S.C. § 227 (b)(3)(B).

65.     Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

### Knowing and/or Willful Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227(b)

66.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-61.

67.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(b), and in particular 47 U.S.C. § 227 (b)(1)(A).

68.     As a result of Defendant's  knowing and/or willful violations of 47 U.S.C. §227(b), Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. § 227(b) )(3)(C).

69.     Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## THIRD CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act

70.     Plaintiff repeats and incorporates by reference into this cause of action the

allegations set forth above at Paragraphs 1-61.

71.    The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one  of the above cited provisions of 47 U.S.C. § 227(c), and in particular 47 U.S.C. § 227 (c)(5).

72.    As a result of Defendant's negligent violations of 47 U.S.C. § 227(c), Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B).

73.    Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## FOURTH CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

74.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-61.

75.    The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(c), in particular 47 U.S.C. § 227 (c)(5).

76.    As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §

227(c), Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(c)(5).

77.     Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant GG Homes for the following:

## FIRST CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227(b)

- As a result of Defendant's negligent violations of 47 U.S.C.§227(b)(1), Plaintiff is entitled to and request $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B).
- Any and all other relief that the Court deems just and proper.

## SECOND CAUSE OF ACTION

### Knowing and/or Willful Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227(b)

- As a result of Defendant's willful and/or knowing violations of 47 U.S.C. §227(b)(1), Plaintiff is entitled to and request treble damages, as provided by statute, up to$1,500, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. §227(b)(3)(C).
- Any and all other relief that the Court deems just and proper.

## THIRD CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act 47 U.S.C. §227(c)

- As a result of Defendant's negligent violations of 47 U.S.C.§227(c)(5), Plaintiff is entitled to and request $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(c)(5).

- Any and all other relief that the Court deems just and proper.

## FOURTH CAUSE OF ACTION

### Knowing and/or Willful Violations of the Telephone Consumer Protection Act 47 U.S.C. §227(c)

- As a result of Defendant's willful and/or knowing violations of 47 U.S.C. §227(c)(5), Plaintiff is entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. §227(c)(5).

- Any and all other relief that the Court deems just and proper.

Respectfully submitted the 26th day of March, 2021.

Kimberly Gross,
Plaintiff pro se

## PROOF OF SERVICE

IT IS HEREBY CERTIFIED THAT:

I, Kimberly Gross, am a citizen of the United States of America and am at least eighteen years of age and a party to this action. I do not have ECF filing privileges in this matter.

I am a party to the above captioned action.

On March 26, 2021, as required by and in accordance with the Federal Rules of Civil Procedure, I caused service of the following documents: Plaintiff's First Amended Complaint.

Said documents were served at my direction through the United States Mail, by having such documents placed in a sealed envelope, with postage thereon fully prepaid for first class mail, for collection and mailing, following ordinary business practices, to Defendant's attorney with mailing address as follows:

 Kristine Haule and Christine M. Reilly, Esq.
2049 Century Park East, Suite 1700
Los Angeles, CA 90067


All CM/ECF registered users will be served by the Clerk of the Court upon posting of this document on the docket.

I have read the above and it is true, correct and accurate under penalty of perjury under the laws of the United States.

Date:  March 26, 2021

_/s/ Kimberly Gross_
Kimberly Gross