1   **MANATT, PHELPS & PHILLIPS, LLP**
CHRISTINE M. REILLY (Bar No. CA 226388)
2   E-mail: CReilly@manatt.com
KRISTIN E. HAULE (Bar No. CA 312139)
3   Email:  KHaule@manatt.com
2049 Century Park East
4   Suite 1700
Los Angeles, California  90067
5   Telephone:   310.312.4000
Facsimile:    310.312.4224
6
*Attorneys for Defendant*
7   *GG HOMES, INC.*

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11   Kimberly Gross, | No. 3:21-cv-00271-DMS-BGS |
| 12                Plaintiff, | **DEFENDANT GG HOMES, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| 13        v. | |
| 14   GG Homes, Inc., | |
| 15                Defendant. | Filed concurrently with: [(1) Memorandum of Points and Authorities; (2) Declaration of Kristin Haule; (3) Defendant's Certificate of Service] |
| 16 | |
| 17 | |
| 18 | Judge: Hon. Dana M. Sabraw |
| 19 | Hearing Date: May 14, 2021 |
| 20 | Hearing Time: 1:30 p.m. Courtroom: 13A |
| 21 | |
| 22 | |

23

24

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- i -

**TO PLAINTIFF AND HER ATTORNEYS OF RECORD, IF ANY:**

**PLEASE TAKE NOTICE that on May 14, 2021, at 1:30 p.m.**, or at such other date and time set by and before the Honorable Dana M. Sabraw, Defendant GG Homes, Inc. ("GG") will, and hereby does respectfully, move to dismiss with prejudice, under Rules 12(b)(1), 12(b)(6), and/or in the alternative to strike under Rule 12(f) of the Federal Rules of Civil Procedure, the First Amended Complaint ("FAC") (Dkt. 4) filed by Plaintiff Kimberly Gross ("Plaintiff") in this matter. This Motion is made on the following grounds:

*First*, the FAC should be dismissed under Rule 12(b)(1) for lack of federal subject matter jurisdiction, as Plaintiff still fails to meet all of the requisite elements for standing under Article III of the United States Constitution. This is because, at a minimum, Plaintiff cannot satisfy the concrete "injury in fact" element since she has no privacy interest in a business number publicized online to solicit business inquiries. And because of the many deficiencies in her FAC under Rule 12(b)(6), as outlined below, Plaintiff also fails to meet the "traceability" and "redressability" elements for Article III standing, which further supports dismissal of the FAC under Rule 12(b)(1).

*Second*, the FAC should also be dismissed under Rule 12(b)(6) for lack of statutory (a.k.a. "prudential") standing because the TCPA was designed to protect residential consumers from unsolicited telemarketing calls or texts. As a business owner who actively solicits people to contact her on her business cell phone number, Plaintiff is plainly not within the "zone of interests" the TCPA was designed to protect.

*Third*, the FAC should also be dismissed under Rule 12(b)(6), as Plaintiff again fails to allege a claim under the TCPA or any actual facts to support such a claim. In this regard, Plaintiff does not plead any specific, non-conclusory facts suggesting that GG: (i) took any steps to "physically" send the at-issue texts, as opposed to some third party, as required to plead direct TCPA liability; or (ii) had an agency relationship with or control over any responsible third parties who did, as required to plead vicarious TCPA liability. These failings likewise warrant dismissal of the entire FAC.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

NOTICE OF MOTION AND MOTION TO
DISMISS/STRIKE, 3:21-CV-00271-DMS-BGS

*Fourth*, the FAC still fails to state a claim under Section 227(b) of the TCPA (Counts I and II) because: (1) Plaintiff does not allege any facts supporting an inference that the texts at issue were sent using an "automatic telephone dialing system" ("ATDS"); (2) the texts alleged, on their face, do not constitute "advertisements" or "telemarketing" under the TCPA; and (3) she provided her "prior express consent" to receive texts and calls inquiring whether she has any properties for sale by advertising her cell number online as the contact number for her real estate business.  Thus, the FAC should be dismissed under Rule 12(b)(6) for these additional reasons.

*Fifth*, the FAC further fails to allege that GG violated the TCPA's DNC provisions (Counts III and IV), and thus is subject to dismissal under Rule 12(b)(6), because, *inter alia* (1) the texts alleged are not "telephone solicitations" giving rise to a DNC claim; and (2) the DNC Registry protects only residential phone lines, not Plaintiff's business line.  And because the many fatal defects above (particularly Plaintiff's lack of standing) cannot be cured through amendment without contradicting Plaintiff's prior allegations, Plaintiff's FAC should be dismissed with prejudice.

*Finally*, while the FAC should be dismissed for the multiple reasons above, it also contains a variety of "impertinent" and "immaterial" allegations that have nothing to do with Plaintiff's TCPA claims against GG, or this case generally.  Therefore, should the Court decide not to dismiss the entire FAC for any reason, it should nevertheless strike those improper allegations under Rule 12(f), including the following allegations:

- ¶ 1 (improper request to transfer);
- ¶ 3 (*ad hominem* attack on defense counsel);
- ¶¶ 22, 56, 60 (irrelevant references to harassment);
- ¶¶ 22, 33 (references to hypothetical but unpled claims);
- ¶¶ 10, 34, 42 (unsupported, irrelevant, and inflammatory claims, including those improperly made "on information and belief");
- ¶¶ 37, 39, 40 (allegations regarding irrelevant licensure, registration, and

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 2 -

NOTICE OF MOTION AND MOTION TO
DISMISS/STRIKE, 3:21-CV-00271-DMS-BGS

1  bond requirements); and

2  • ¶¶ 4, 25, 38 (allegations regarding other lawsuits not involving Plaintiff

3  or the calls/texts at issue).

4  This Motion is based on this Notice of Motion and Motion, the accompanying

5  Memorandum of Points and Authorities, all declarations and exhibits filed herewith or

6  to be submitted in connection with the Motion, all documents subject to judicial notice,

7  all other pleadings and papers filed or to be filed in this action, and any argument that

8  may be presented to the Court at the hearing on this Motion.

9

10  Dated: April 12, 2021                    MANATT, PHELPS & PHILLIPS, LLP

11

12                                          By: /s/ Kristin E. Haule
                                                Christine M. Reilly
13                                              Kristin E. Haule

14                                              *Attorneys for Defendant*
                                                *GG HOMES, INC.*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 3 -                    NOTICE OF MOTION AND MOTION TO
DISMISS/STRIKE, 3:21-CV-00271-DMS-BGS