**MANATT, PHELPS & PHILLIPS, LLP**
CHRISTINE M. REILLY (Bar No. CA 226388)
E-mail: CReilly@manatt.com
KRISTIN E. HAULE (Bar No. CA 312139)
Email: KHaule@manatt.com
2049 Century Park East
Suite 1700
Los Angeles, California 90067
Telephone: 310.312.4000
Facsimile: 310.312.4224

*Attorneys for Defendant*
*GG HOMES, INC.*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kimberly Gross, | No. 3:21-cv-00271-DMS-BGS |
| Plaintiff, | **DEFENDANT GG HOMES' MOTION FOR PARTIAL RECONSIDERATION OF THE COURT'S ORDER DENYING IN PART DEFENDANT'S MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| v. | |
| GG Homes, Inc., | |
| Defendant. | |
| | *Filed concurrently with: [Memorandum of Points and Authorities; Declaration of Kristin Haule]* |
| | Judge: Hon. Dana M. Sabraw |
| | Hearing Date: September 17, 2021<br>Hearing Time: 1:00 p.m.<br>Courtroom: 13A |

**TO PLAINTIFF AND HER ATTORNEYS OF RECORD, IF ANY:**

**PLEASE TAKE NOTICE that on September 17, 2021, at 1:00 p.m.**, or at such other date and time set by and before the Honorable Dana M. Sabraw, Defendant GG Homes, Inc. ("GG") will, and hereby does respectfully, move for partial reconsideration of the Court's July 8, 2021 Order (ECF No. 11, "Order") denying in part GG's motion to dismiss (ECF No. 6) Plaintiff's First Amended Complaint (ECF No. 4, "FAC")—specifically, the Court's denial of GG's request to dismiss Plaintiff's claims under Section 227(b) of the Telephone Consumer Protection Act ("TCPA"), as alleged in Counts I and II—pursuant to S.D. Cal. CivLR 7.1(i) and Fed. R. Civ. 59(e).[1]

By this Motion, GG seeks reconsideration of the Court's ruling on Counts I and II of the FAC on the grounds that there appear to be "clear errors" in the Court's Order resulting in a "manifest injustice" to GG, in that the Court:

**(i)** appears to have misapplied *Facebook v. Duguid*, 141 S. Ct. 1163 (2021) and its progeny (including the District of Colorado's decision in *Montanez v. Future Vision Brain Bank, LLC*, 2021 WL 1697928 (D. Colo. Apr. 29, 2021)), in that whether a plaintiff has adequately alleged ATDS use is relevant and properly decided at the pleadings stage, especially after *Facebook*, contrary to the Court's Order;

**(ii)** also appears to have applied the incorrect legal standard, in that whether a device "has capacity" or the "capability" to be an ATDS, as Plaintiff alleges here, is the former Ninth Circuit standard that was overruled by *Facebook*;

**(iii)** did not appear to fully consider all of Plaintiff's contradictory allegations, GG's arguments relating thereto, and applicable and controlling authorities indicating that the at-issue text messages were personalized, directly targeted at Plaintiff, and "sent from [an] iPhone," which preclude any inference of ATDS use in this case; and

**(iv)** declined consider the judicially-noticeable evidence of Plaintiff's "prior

---

[1] The Order dismissed Plaintiff's claims under Section 227(c) of the TCPA, alleged in Counts III and IV, with prejudice. GG does not seek reconsideration of that aspect of the Order. While this Motion does not discuss the Court's ruling on Plaintiff's standing, GG does not concede (and indeed disputes) that Plaintiff has standing.

express consent" that GG properly submitted with the Motion, as is mandatory under Federal Rule of Evidence 201(c)(2).

These would all be "clear errors" and would result in a "manifest injustice" to GG, thus warranting reconsideration of the Order as to Counts I and II of the FAC under applicable Ninth Circuit law.  As such, GG respectfully requests that the Court grant this Motion, reconsider its Order, and also dismiss Counts I and II of the FAC.  And since amendment would be futile, the dismissal should be with prejudice.  A proposed order in this regard will be submitted in accordance with applicable rules.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, all declarations and exhibits filed herewith or to be submitted in connection with the Motion, all documents subject to judicial notice, all other pleadings and papers filed or to be filed in this action, and any argument that may be presented to the Court at the hearing on this Motion.

WHEREFORE, for all the reasons above and in the accompanying Memorandum, and for such other reasons as may be presented, Defendant GG Homes, Inc. respectfully requests that the Court grant this Motion, dismiss Counts I and II of the FAC <u>with prejudice</u>, and enter the proposed order or a substantially similar order granting the same relief, along with all other relief the Court deems just and proper.

Dated: August 5, 2021

MANATT, PHELPS & PHILLIPS, LLP

By: /s/ Kristin E. Haule
Christine M. Reilly
Kristin E. Haule

*Attorneys for Defendant*
*GG HOMES, INC.*