# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY GROSS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>GG HOMES, INC.,<br><br>　　　　Defendant. | Case No. 3:21-cv-00271-DMS-BGS<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL RECONSIDERATION** |

This case comes before the Court on Defendant GG Homes' motion for partial reconsideration of this Court's July 8, 2021 order granting in part and denying in part Defendant's motion to dismiss ("Order"). Specifically, Defendant seeks reconsideration of the Court's denial of Defendant's motion on the issue of whether Plaintiff Kimberly Gross adequately alleged the use of an Automatic Telephone Dialing System ("ATDS"). Plaintiff filed an opposition, and Defendant filed a reply. The matter is fully briefed and submitted.

## I.
## BACKGROUND

On February 16, 2021, Plaintiff filed a complaint in this case alleging various violations of the Telephone Consumer Protection Act ("TCPA"). (ECF No. 1.) On

March 6, 2021, Plaintiff filed her First Amended Complaint ("FAC") alleging the same TCPA violations. (ECF No. 4.) Counts I and II of the FAC allege violations of 47 U.S.C. § 227(b). (*Id.* at 18–19.) Defendant moved to dismiss the FAC on April 12, 2021. (ECF No. 6.)

On July 8, 2021, this Court issued an Order granting in part and denying in part Defendant GG Homes' motion to dismiss and/or strike Plaintiff's FAC. (ECF No. 11.) In the moving papers, Defendant argued, *inter alia*, that Plaintiff failed to plead sufficient facts to state a claim under Section 227(b) of the TCPA in light of the Supreme Court's recent holding in *Facebook, Inc. v. Duguid*, 141 S.Ct. 1163 (2021). (ECF No. 6 at 27.) Plaintiff, proceeding *pro se*, failed to address this new authority in her opposition to Defendant's motion to dismiss. (*See* ECF No. 8.) Neither side gave the issue the attention it deserved.[1] The Court, liberally construing the *pro se* pleadings, found Plaintiff's Section 227(b) claims to be adequately pled. (ECF No. 11 at 13–15.)

On August 5, 2021, Defendant filed the present motion for reconsideration, arguing the Court committed clear error. (ECF No. 14.) Plaintiff filed an opposition arguing Defendant did not meet the standard for reconsideration and the Court did not commit clear error. (ECF No. 23.)

## II.

## LEGAL STANDARD

"All rulings of a trial court are subject to revision at any time before the entry of judgment." *United States v. Houser*, 804 F.2d 565, 567 (9th Cir. 1986). The Southern District of California's Civil Local Rule 7.1(i) provides that motions for reconsideration may be filed within twenty-eight days after the entry of the ruling sought to be

---

[1] Defendant's argument concerning *Duguid* was limited to one paragraph at page 17 of its 25-page brief. (*See* ECF No. 6-1 at 27:11–17.) Similarly, Defendant's argument that the targeted nature of the texts at issue contradicts Plaintiff's allegation that Defendant used an ATDS is limited to a single paragraph at page 18 of its brief. (*Id.* at 28:1–14.)

reconsidered. *See also* Fed. R. Civ. P. 54(b) ("any order...that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.")

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see also O'Neal v. Johnson*, No. 2:14–cv–2374 DB PS, 2017 WL 2730977, at *1 (E.D. Cal. June 26, 2017) (Reconsideration may also be appropriate "'where the district court has misunderstood a party or made an error of apprehension.'") (quoting *Villanueva v. United States*, 662 F.3d 124, 128 (1st Cir. 2011)). Clear error may be found where "there is a 'definite and firm conviction that a mistake has been committed.'" *Cuenco v. Clubcorp USA, Inc.*, No. 20-cv-774 DMS (AHG), 2021 WL 2453279, at *2 (S.D. Cal. June 16, 2021) (quoting *Latman v. Burdette*, 366 F.3d 774, 781 (9th Cir. 2004)).

### III.
### DISCUSSION

Defendant argues the Court committed clear error by misapplying the Supreme Court's recent decision in *Duguid*. Defendant also argues the Court did not fully consider the contradiction between Plaintiff's general allegations in the FAC that Defendant used an ATDS and the allegations that Defendant's texts were addressed specifically to her. The Court reconsiders these issues below.

To state a claim under 47 U.S.C. § 227(b)(1)(a), a plaintiff must plausibly allege that the defendant called a cell phone using an ATDS without the recipient's prior express consent. *Meyer v. Portfolio Recovery Assocs.*, LLC, 707 F.3d 1036, 1043 (9th Cir. 2012). In *Duguid,* the Supreme Court held that "a device must have the capacity either to store a telephone number using a random or sequential generator or to produce

a telephone number using a random or sequential number generator" to qualify as an ATDS. *Duguid,* 141 S. Ct. at 1167. Therefore, to sustain a claim under Section 227(b), "the equipment in question must use a random or sequential number generator." *Id.* at 1170.

In the Order, this Court found Plaintiff adequately alleged the use of such a device. In doing so, the Court noted that "[t]he newly clarified definition of an ATDS is *more relevant* to a summary judgment motion than at the pleading stage." (ECF No. 11 at 14 (emphasis added).) Defendant reframes the Court's Order as suggesting that "the ATDS issue is *never* properly decided at the pleadings stage." (ECF No. 14-1 at 13 (emphasis added).) The Court disagrees with this interpretation, as the Order simply addressed the relevance of *Duguid* to the particular circumstances of this case, and not to all cases involving ATDS allegations. As noted, Plaintiff is proceeding *pro se.* The Supreme Court has repeatedly instructed that "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Here, the Court found Plaintiff's *pro se* allegations about the nature of the texting device sufficient to state a claim under Section 227(b). The Court did not hold that the definition of an ATDS is irrelevant to deciding a motion to dismiss. The Court meant to convey that while Plaintiff's FAC, liberally construed, survived Defendant's motion to dismiss, the definition of an ATDS under *Duguid* will pose a more imposing barrier at the summary judgment stage where Plaintiff would have to demonstrate that the device at issue randomly or sequentially generated her telephone number.

Defendant now comes forward with additional authority to support its argument that the FAC falls short of adequately alleging the use of an ATDS under *Duguid*. (*See* ECF No. 14-1 at 13–15 (citing *Hufnus v. DoNotPay, Inc.*, No. 20-cv-08701-VC, 2021 WL 2585488, at *1-2 (N.D. Cal. June 24, 2021) (dismissing case with prejudice where

the complaint did not support an inference that a random or sequential number generator was used); *Barry v. Ally Fin., Inc.*, No. 20-12378, 2021 WL 2936636, at *4–7 (E.D. Mich. July 13, 2021) (same); *Guglielmo v. CVS Pharmacy, Inc.*, No. 3:20cv1560 (JBA), 2021 WL 3291532, at *2 (D. Conn. Aug. 2, 2021) (dismissing case where plaintiff did not allege "that his number was stored or produced with a random or sequential number generator"); *Watts v. Emergency Twenty Four, Inc.*, No. 20-cv-1820, 2021 WL 2529613, at *3 (N.D. Ill. June 21, 2021) (dismissing case where plaintiff did not allege the defendant's "system uses a random or sequential number generator"); *Camunas v. Nat'l Republican Senatorial Comm.*, No. 21-1005, 2021 WL 2144671, at *6 (stating conclusory allegations that defendant "'uses dialing technology, which calls phone numbers from a stored list using a random or sequential number generator to select those phone numbers[,]'" were insufficient to allege ATDS use); *Stewart v. Network Cap. Funding Corp.*, No. CV 21-368-MWF (MAAx), 2021 WL 3088011, at *2 (C.D. Cal. July 16, 2021) (similar). These cases were decided after the parties' initial briefing on Defendant's motion to dismiss, and they are persuasive. Even construing the FAC liberally, as the Court must, Plaintiff's allegations do not satisfy the pleading requirements for an ATDS claim post-*Duguid*. This is especially so given the contradictory allegations of the FAC.

The text messages at issue are addressed directly to Plaintiff, by name. Plaintiff alleges the text messages state:

> ***Hi Kimberly***, it's Eric with GG Homes. Do you know of any off-market deals or pocket listing not yet on MLS? We're looking for fixers in San Diego. Budget is up to $600K. You can TRIPLE END any off market deal you bring us!

(ECF No. 4 at 3:16–20 (emphasis added.)

Defendant argues the targeted nature of the texts fatally undermines Plaintiff's ATDS claims because they belie the notion that Defendant used a device that randomly or sequentially generated her phone number. (ECF No. 14-1 at 15, 17 (citing *Meeks v.*

*Buffalo Wild Wings, Inc.*, No. CV 18-2673 PA (ASx), 2018 WL 5093942, at *4 (C.D. Cal. Apr. 13, 2018) (dismissing case where allegations suggested texts were targeted to plaintiff and the "non-conclusory allegations d[id] not render it plausible that an ATDS was used"); *Weisberg v. Stripe, Inc.*, No. 16-cv-00584-JST, 2016 WL 3971296, at *3 (N.D. Cal. July 25, 2016) (dismissing case where allegations "suggest[ed] direct targeting that is inconsistent with the sort of random or sequential number generation required for an ATDS").)  The Court agrees.

The targeted nature of the underlying texts contradicts the notion that Plaintiff's telephone number could have been produced through a random or sequential number generator.  Because this contradiction renders implausible the allegation that Defendant sent the texts using an ATDS, the FAC is subject to dismissal.  *See Ashcroft v. Iqbal*, 556 U.S. 662 (2007) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (internal quotation omitted).

## IV.
## CONCLUSION

For these reasons, Defendant's motion for reconsideration is granted and Counts I and II of the FAC are dismissed without leave to amend.[2]

**IT IS SO ORDERED.**

Dated: October 14, 2021

Hon. Dana M. Sabraw
United States Chief District Judge

---

[2] Dismissal of a *pro se* complaint with prejudice is proper where "'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (citation omitted).  The contradictions present in the FAC cannot be cured by amendment because a "party cannot amend pleadings to 'directly contradic[t] an earlier assertion made in the same proceeding.'" *Airs Aromatics, LLC v. Opinion Victoria's Secret Store Brand Mgmt., Inc.*, 744 F.3d 595, 600 (9th Cir. 2014) (citation omitted).